United States District Court
Southern District of Texas
**ENTERED**
January 09, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| QUINTILLION SUBSEA OPERATIONS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-02310 |
| | § | |
| MARITECH PROJECT SERVICES, LTD., AND | § | |
| MARITECH INTERNATIONAL, LTD., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Amended Motion to Dismiss Plaintiff's Claim for Violation of the Alaska Unfair Trade Practices Act Pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF 36.  Plaintiff filed a Response.  ECF 41.  Defendants filed a Reply.  ECF 44. Plaintiff filed a Sur-Reply.  ECF 45.  Having considered the parties' submissions and the applicable law, it is RECOMMENDED that the Motion (ECF 36) be GRANTED IN PART and DENIED IN PART as follows:

- The Court RECOMMENDS that Defendant's Motion to Dismiss Count II for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure be GRANTED and that Count II be DISMISSED WITHOUT PREJUDICE.  Plaintiff must file an amended complaint which complies with the requirements of Rule 9(b) within 14 days of any Order adopting this Memorandum and Recommendation;

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 21.

1

- The Court also RECOMMENDS that Defendants' Motion to Dismiss Count II as (1) barred by the Interstate Commerce Clause and/or (2) preempted by general maritime law be DENIED WITHOUT PREJUDICE.

## I. Background

Plaintiff Quintillion Subsea Operations, LLC ("Plaintiff") is a Delaware telecommunications operator that provides high-speed broadband connectivity in the Arctic and across the globe. ECF 1 at ¶¶ 1, 9. Quintillion operates and maintains a subsea fiber optic cable system consisting of 1,200 miles of submarine fiber optic cable between Nome and Prudhoe Bay, Alaska. *Id.* at ¶ 9. On October 12, 2017, Plaintiff issued a Request for Quotation seeking a contractor to provide on-going repair and maintenance services for its subsea cable system. *Id.* at ¶ 10. On November 3, 2017, Defendants Maritech Project Services, LTD and Maritech International, LTD (collectively, "Maritech" or "Defendants") submitted a proposal stating it could provide one marine platform for shallow water intervention, one marine platform for deep water intervention, a local managing office in Anchorage, Alaska, storage of appropriate equipment, and local support. *Id.* at ¶ 15. According to the proposal, Maritech would use the MV Ocean Investigator vessel to provide the deep-water services and the Marpro 1 vessel for the shallow water intervention. *Id.* at ¶ 15. Maritech represented in the proposal that both vessels would mobilize within 24 hours if the vessels were free or within 24 hours upon their return to their base port if they were undergoing repair operations. *Id.* at ¶ 16. Plaintiff elected to award a maintenance services contract to Maritech based on the proposal, representations and other information provided by Maritech to Plaintiff. *Id.* at ¶ 18.

While negotiating the terms of their contract with Plaintiff, Maritech representatives explained that a new vessel, the Alaska Scout, would be used to perform shallow repairs and tow

the Marpo 1 barge.  *Id*. at ¶ 19.  On July 1, 2018, Maritech entered into a Marine Maintenance Services Agreement ("MMSA") by which Maritech agreed to provide maintenance services for Plaintiff for four years, with 2018 involving only shallow water services and 2019-2021 involving shallow and deep-water services.  *Id*. at ¶ 27.

Over the course of the next year, Plaintiff alleges that Maritech failed to deliver the Alaska Scout or an adequate substitute as required by the MMSA and that it informed Plaintiff that it would not be able to deliver either the Shallow Water Platform or the Deep Water Platform by the dates it had agreed to deliver them in 2018.  *Id*. at ¶¶ 27-33.  After sending a formal notice of default to Maritech on June 18, 2019, Plaintiff terminated the MMSA and entered into one-year agreements with different companies to replace the services that were supposed to provide in the MMSA.  *Id.* at ¶ 35.

Plaintiff filed suit against Maritech based upon two Counts: (I) breach of contract, and (II) violation of the Alaska Unfair Trade Practices and Consumer Protection Act ("AUTPA"), Alaska Stat. § 45.50.471.  *Id.* at ¶¶ 39-49.  Maritech has filed an Amended Motion to Dismiss (ECF 36), seeking dismissal of Count II on various grounds.  Count II provides, in pertinent part:

> 46.  Maritech engaged in conduct of trade and/or commerce within the State of Alaska at all times relevant to this dispute. In the furtherance of trade and commerce, Maritech (i) made representations to Quintillion that the services it was offering had certain characteristics and benefits, and were of a specific standard, quality and grade, when they were not, and (ii) engaged in conduct that used deception, false pretense, false promise and/or misrepresentation concerning the quality of services they would employ to perform the MMSA, including specifically that they would use specific vessels that had certain equipment and characteristics and would be located at designated home ports and that those vessels were capable and fit to provide the services Quintillion contracted Maritech to provide. Maritech failed to provide any of the services it agreed to provide and, on information and belief, Maritech knew that it could not provide the promised vessels, equipment, and services as they represented they could.

47.  Maritech also engaged in conduct which concealed, suppressed or omitted the fact that the vessels and equipment they represented would be available and ready to perform maintenance services for Quintillion in fact were not ready and could not be made available to perform Maritech's contractual obligations. Maritech made representations about its capabilities and services that Maritech knew it could not perform and misled Quintillion about the availability and condition of the vessels and equipment that Maritech committed to have available in Alaska during the summer months of 2018-2021.

48.  Maritech's conduct constituted unfair or deceptive acts or practices in the conduct of trade or commerce deemed unlawful by the Alaska Unfair Trade Practices and Consumer Protection Act, ALASKA STAT. §45.50.471 (the "UTPA").

49.  Quintillion suffered direct damage in an amount of several million dollars as a result of the conduct of Maritech.

ECF 1 at ¶¶ 46-49.  Maritech moves to dismiss Count II under Rule 12(b)(6), arguing that (1) the claim is barred by the Interstate Commerce Clause; (2) the claim is preempted by general maritime law; and, in the alternative, (3) Plaintiff has failed to adequately state a claim for fraud with particularity as required under Rule 9(b).  ECF 36 at 19-21.

## II.  Legal Standards

### A.  Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander*

*v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the Court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Rule 9(b) of the Federal Rules of Civil Procedure provides that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).  A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted.  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

## III.   Analysis

### A.  Rule 9(b) applies to Plaintiff's AUTPA claims

The parties dispute whether Rule 9(b) applies to Count II of Plaintiff's Complaint.  While the AUTPA claim does not expressly make a claim of fraud, that "does not necessarily mean that Rule 9(b) does not apply."  *Elson v. Black*, No. 21-20349, 2023 WL 111317, at *4 (5th Cir. Jan. 5, 2023).  "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.  *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368-69 (5th Cir. 2001).  "Where averments of fraud are made in a claim in which fraud is not an element," a court must "disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated."  *Id.* at 368.  "The application of Rule 9(b) is thus fatal when a claim is

5

premised entirely upon a course of fraudulent conduct that is not sufficiently pled." *Elson*, 2023 WL 111317, at *4.

The Fifth Circuit has held that Rule 9(b) may extend to claims brought under consumer protection statutes that relate to "fraudulent conduct" but do not expressly reference fraud.  In *Elson v. Black*, plaintiffs brought claims under a New York consumer protection statute.  *Id.* at *4-5.  The court noted that the statutory provisions "[did] not require 'proof of the same essential elements (such as reliance) as common-law fraud.'"  *Id.* (citation omitted).  Furthermore, the relevant Counts of the Amended Complaint did not expressly allege fraud.  Plaintiffs' Second Amended Complaint at ¶¶ 339-59, *Elson v. Black*, No. 4:20-CV-02125 (S.D. Tex. Nov. 20, 2020), ECF 127.  Nevertheless, the Fifth Circuit held that, under the circumstances of the plaintiffs' case, the consumer protection claims "rel[ied] entirely on Defendants' allegedly fraudulent conduct" and accordingly were subject to Rule 9(b)'s heightened pleading requirements.  *Elson*, 2023 WL 111317, at *5.  Similarly, the District Court of Alaska has held that claims brought under § 45.50.471 of AUTPA—the same statutory provision that forms the basis for Count II of Plaintiff's Complaint—are subject to Rule 9(b)'s pleading requirements where the claims relied on alleged misrepresentations.  *Steel Bros., Inc. v. Dong Sung Heavy Indus., Ltd.*, No. 3:09-cv-00235-RRB, 2013 WL 11309602, at *4-5 (D. Alaska Jan. 8, 2013).

Here, Plaintiff's Complaint refers to various communications which are alleged to be false statements or misrepresentations.  *See, e.g.*, ECF 1 at ¶ 19 ("Maritech represented that the Alaska Scout was currently in Louisiana, would soon have its certificate of inspection, would depart for Alaska by April 27, 2018, and would be available for sea trials in Homer, Alaska by June 14, 2018"); *id.* at ¶ 21 ("Maritech committed to have [the vessels] available at their home port by certain deadlines"); *id.* at ¶ 26 ("Despite Maritech's representations and promises, the Marpro 1

barge was not fit for service and lacked equipment it was required to have . . . ."); *id.* at ¶ 47 ("Maritech . . . misled Quintillion about the availability and condition of the vessels and equipment . . . .").   Accordingly, the "premise of th[e AUTPA] action" is that Defendants intentionally misled Plaintiff regarding their capacity to perform under the MMSA, and that Plaintiff relied upon these misrepresentations to its detriment.  *Id.* at ¶¶ 47-49.  Allegations like these implicate fraudulent conduct under general maritime or Alaska law.   Accordingly, where Count II of Plaintiff's Complaint is "premised entirely upon a course of fraudulent conduct," it is subject to Rule 9(b)'s heightened pleading requirement.  *Elson*, 2023 WL 111317, at *4-5.

Plaintiff's Complaint refers to various misrepresentations by "Maritech" without "specify[ing] the statements contended to be fraudulent, identify[ing] the speaker, stat[ing] when and where the statements were made, and explain[ing] why the statements were fraudulent." *Sullivan*, 600 F.3d at 550-51.  Accordingly, Plaintiff has not met Rule 9(b)'s heightened pleading requirement, and Defendant's Motion to Dismiss under Rule 12(b)(6) in relation to that provision should be GRANTED.  However, "dismissal for failure to comply with Rule 9(b) is almost always with leave to amend."  *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 663 (5th Cir. 2022) (citation omitted).  Accordingly, Count II of Plaintiff's Complaint should be dismissed without prejudice, and Plaintiff should be granted leave to file an amended complaint that complies with any order adopting this Memorandum and Recommendation.

### B.  Defendants' Remaining Bases for its Motion to Dismiss under Rule 12(b)(6)

Defendants argue that Count II is (1) barred by the Interstate Commerce Clause and (2) preempted by general maritime law.  ECF 36 at 34-37.  These argued bases for dismissal share a common premise: Maritech's alleged conduct does not bear a sufficient connection to the State of Alaska to support a claim under Alaskan state law.  *See, e.g.*, ECF 44 at 24-26 (arguing that the

Interstate Commerce Clause bars the AUTPA claim because "Quintillion [] fails to identify any conduct giving rise to its AUTPA claim that occurred within the State of Alaska"); *id.* at 27-28 (arguing that this dispute's connection to "vessels" requires that maritime law preempt conflicting Alaskan law).  Plaintiff disputes Defendants' argument and cites to the Complaint's allegations of conduct occurring within the state of Alaska.  ECF 41 at 37-38.

The Court has recommended that (1) Plaintiff's AUTPA claim be dismissed for failure to comply with Rule 9(b) and that Plaintiff have 14 days from the date of an order adopting the recommendation to file an amended complaint.   With respect to the remining grounds for Defendants' Motion to Dismiss, the Court RECOMMENDS that Defendants' Motion be DENIED WITHOUT PREJUDICE because it is the general policy of United States District Judge Sim Lake to allow only one dispositive motion per Defendant, excluding jurisdictional motions.  Defendants' Motion to Dismiss under Rule 12(b)(6) does not impact the Court's jurisdiction or present any other grounds for an exception to the Court's "one dispositive motion" policy.  Defendants may raise the arguments that the AUTPA claims are barred by the Commerce Clause or preempted by general maritime law in a renewed motion to dismiss or on a subsequent motion for summary judgment but the Court will consider only one further dispositive motion.

### IV.    Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendants' Amended Motion to Dismiss Plaintiff's Claim for Violation of the Alaska Unfair Trade Practices Act (ECF 36) be GRANTED IN PART WITHOUT PREJUDICE and DENIED IN PART.  Plaintiff must file an amended complaint which satisfies the requirements of Federal Rule of Civil Procedure Rule 9(b) within 14 days of any Order adopting this Memorandum and Recommendation.  The Court also RECOMMENDS that Defendants' Motion to Dismiss Plaintiff's AUTPA claims as

barred by the Interstate Commerce Clause or preempted by general maritime law be DENIED
WITHOUT PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the
respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C.
§ 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an
aggrieved party from attacking the factual findings and legal conclusions on appeal.   *Douglass v.
United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute
on other grounds.


Signed on January 09, 2023, at Houston, Texas.


Christina A. Bryan
United States Magistrate Judge